**LANDSDOWNE–MOODY COMPANY, Appellant,**

v.

**George ST. CLAIR et al., Appellees.**

**No. A2568.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 4, 1981.

Robert H. Bateman and Hicks, Hirsch, Glover, Robinson, Houston, for appellant.

Don R. Riddle, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an adverse summary judgment in a bailment action brought by Appellant-in-fact (hereinafter called Insurance Co.) by and through its insured. The Insurance Co. seeks to recover payments made to its insured in the amount of $14,500. We reverse the summary judgment of the court below and remand this cause for trial on the merits.

Appellee filed no brief. Therefore, every statement in Appellant's brief as to the facts may be accepted as correct. Tex.R. Civ.P. 419. In August, 1976, Appellant, Landsdowne-Moody Company rented Appellee a 1975 Ford tractor with certain equipment. While in the possession of Appellee and through the alleged negligence of appellee, the tractor was stolen. The Insurance Co. paid $14,500 to Appellant. Appellant assigned the Insurance Co. $14,-500 of its claim against Appellee. The Insurance Co. elected to prosecute the instant cause of action in the name of Appellant.

In April, 1980, Appellee filed its motion for summary judgment asserting that this cause is barred by res judicata through the same claim's being previously adjudicated in another cause of action. Landsdowne-Moody had sued Appellee for its loss over and above the $14,500 which it recovered from the Insurance Co. Appellant was awarded $361 in that cause of action. This

judgment was paid by Appellee and a release of judgment was signed by Appellant on July 19, 1977.

The law is well settled that after receiving notice of an insurer's subrogation claim Appellee can not extinguish that claim by entering into a settlement with or obtaining a release from the insured. *Wichita City Lines v. Puckett*, 156 Tex. 456, 295 S.W.2d 894 (1956). The officer's return on plaintiff's petition in this cause reveals that Appellee was served with a copy of the petition in person on June 3, 1977. Thus Appellee clearly had knowledge of the Insurer's subrogation claim over one month before he obtained the release of judgment. Appellee's Motion for Summary Judgment should have been denied as a matter of law. The judgment of the court below is reversed and the case remanded for trial on the merits.